UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VALERIE L. TOLMOSOFF,<br><br>Defendant. | Case No. 6:23-po-00187-HBK-1<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION TO THE EXTENT THE COURT CLARIFIES AND AMENDS ITS MAY 7, 2024 ORDER<br><br>(Doc. No. 21) |

Pending before the Court is the Government's Motion for Partial Reconsideration of the Court's May 7, 2024 Order denying Defendant Valerie Tolmosoff's Motion to Suppress. (Doc. No. 21). In its Motion, the United States requests that the Court amend its May 7, 2024 Order to clarify that the odor of marijuana alone provided probable cause for a search of Defendant's vehicle in this case, and that on federal lands the odor of marijuana alone is sufficient to support probable cause for a vehicle search by federal officers. In an abundance of caution and to avoid any ambiguity in its ruling, the Court grants the Government's Motion and clarifies its findings of law on this issue.

**LEGAL STANDARD**

While the Federal Rules of Criminal Procedure do not contain a provision specifically allowing motions for reconsideration, numerous circuit courts have held that motions for

1  reconsideration may be filed in criminal cases. *See United States v. Martin*, 226 F.3d 1042, 1047 n. 7 (9th Cir. 2000) (post-judgment motion for reconsideration may be filed in a criminal case and governed by Fed. R. Civ. P. 59(e)); *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003) (motion for reconsideration allowed in criminal case and governed by Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b)); *United States v. Clark*, 984 F.2d 31, 33–34 (2d Cir. 1993) (motion for reconsideration filed in criminal case within 10 days of subject order is treated under Fed. R. Civ. P. 59(e)).

The purpose of a motion under Rule 59(e) is to "correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). *See also 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (relief under Rule 59(e) "should not be granted . . . unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law"). A motion for reconsideration is not to be used to reargue a case or to ask a court to rethink a decision it has made. It is not a substitute for an appeal. *See, e.g., Waye v. First Citizen's Nat'l. Bank*, 846 F.Supp. 310, 314 (M.D.Pa.1994). "These civil procedure precepts also govern a motion for reconsideration made in a criminal case." *United States v. Hector*, 368 F. Supp. 2d 1060, 1062–63 (C.D. Cal. 2005), rev'd, 474 F.3d 1150 (9th Cir. 2007).

Under this Court's Local Rules, a party may seek reconsideration of an order in a criminal case under Rule 430.1(i) through a motion setting forth (1) when and to what Judge or Magistrate Judge the prior motion was made; (2) what ruling, decision or order was made thereon; and (3) what new or different facts or circumstances are claimed to exist that did not exist or were not shown upon such prior motion or what other grounds exist for the motion." E.D. Cal. R. 430.1.

**DISCUSSION**

The Government asserts that in the Court's May 7, 2024 Order denying Defendant's Motion to Suppress, the Court "appeared to suggest that the odor of marijuana alone could not provide for probable cause for violation of federal law, citing to *United States v. Vasquez*, 2021 WL 3011997, at *2 (9th Cir. July 15, 2021)." (Doc. No. 21 at 1). In the referenced passage, the Court stated, "While in California 'the smell of marijuana alone no longer provides a basis for

probable cause . . . when combined with other factors, the smell of marijuana may still support probable cause that a vehicle contains evidence of marijuana activity that remains unlawful under [federal] law." *See United States v. Vasquez*, 2021 WL 3011997, at *2 (9th Cir. July 15, 2021) (emphasis added)." The Government opines that the cited passage could be construed to mean that any law enforcement officer, state or federal, operating in California requires "other factors" in addition to the odor of marijuana to develop probable cause for a vehicle search. That was not, and is not, the Court's construction of current law.

To correct any potential and unintended misunderstanding, the Court amends its prior order to unequivocally clarify that the smell of marijuana standing alone provided probable cause for a search of Ms. Tolmosoff's car on January 16, 2023 in Yosemite National Park. As the Court noted in its May 7, 2024 Order, even under California state law, "the smell of burnt marijuana emanating from a vehicle may support probable cause for a search because the state's legalization scheme does not make all uses or possession of marijuana legal." (Doc. No. 20 at 10). Because simple possession of marijuana (28.5 grams or less) is no longer a crime under California state law, an officer must identify facts that support reasonable suspicion of marijuana-related illegal conduct for state law marijuana charges. *See, e.g., People v. Fews*, 27 Cal. App. 5th 553, 563 (2018) ("Here, the evidence of the smell of 'recently burned' marijuana and the half-burnt cigar containing marijuana supported a reasonable inference that Mims was illegally driving under the influence of marijuana, or, at the very least, driving while in possession of an open container of marijuana" conduct not deemed lawful under California's legalization scheme.) Nonetheless, because federal law has not decriminalized marijuana and possession of it in any amount remains illegal under federal law, *see Fejes v. Fed. Aviation Admin.*, 98 F.4th 1156, 1163 (9th Cir. 2024), officers operating on federal lands may rely on the odor of marijuana <u>alone</u> for probable cause to search the vehicle on suspicion of federal crimes. *See also* 21 U.S.C. § 812 (c) (listing marijuana under the Schedule of Controlled Substances).

Thus, the Court clarifies the sentence on page 8 of its May 7, 2024 Order denying Defendant's Motion to Suppress that previously read: "While in California the smell of marijuana alone no longer provides a basis for probable cause . . . when combined with other

factors, the smell of marijuana may still support probable cause that a vehicle contains evidence of marijuana activity that remains unlawful under [federal] law" and amends it to read, "Although under California state law 'the smell of marijuana alone no longer provides a basis for probable cause' even under state law, 'when combined with other factors, the smell of marijuana may still support probable cause that a vehicle contains evidence of marijuana activity that remains unlawful under California law.' *See United States v. Vasquez*, 2021 WL 3011997, at *2 (9th Cir. July 15, 2021) (footnote omitted)."

Accordingly, it is hereby **ORDERED**:

The Government's Motion for Partial Reconsideration (Doc. No. 21) is GRANTED to the extent set forth herein.

Dated:   May 9, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE